UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                            CRIMINAL NO. 3:24-CR-97-KHJ-LGI

LENNELL ANTONIO MOORE, JR.

ORDER

Before the Court is Lennell Antonio Moore, Jr.'s [111] Motion for Judgment of Acquittal. Having considered the motion, the record, and relevant legal authority, the motion is denied.

I.    Facts and Procedural History

On October 8, 2024, a federal grand jury indicted Lennell Antonio Moore, Jr. in a single-count indictment for violating 18 U.S.C. §§ 922(o) and 924(a)(2). *See* Indictment [1].

The three-day trial began on September 30, 2025. After hearing testimony from witnesses and viewing physical, digital, and video evidence, the jury unanimously found Moore guilty. Jury Verdict [106]. Moore moved orally for judgment of acquittal under Federal Rule of Criminal Procedure 29 after the Government's case-in-chief and after the Government finally rested. The Court denied the motions. In his two-page [111] Motion, Moore, through counsel, now moves for a judgment of acquittal under Federal Rule of Criminal Procedure 29(c). Mot. J. Acquittal [111].

II.     Legal Standard

On a motion for judgment of acquittal, a court "consider[s] whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). This standard is highly deferential to the jury and "asks whether a reasonable jury could conclude that the relevant evidence . . . established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most favorable to the verdict." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt . . . ." *Id.* Rather, "[a] jury is free to choose among reasonable constructions of the evidence . . . [a]nd it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* (citations omitted). "In effect, the court assumes the truth of the evidence offered by the prosecution." *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997).

III.    Analysis

Moore seeks a judgment of acquittal on three grounds. The Court addresses each argument in turn.

    A.  Sufficiency of the Evidence

Moore first challenges the sufficiency of the evidence introduced at trial. [111] at 1 (arguing that "[t]here was insufficient evidence to support that Lennell Antonio Moore, Jr., possessed a machine gun."). But he does not explain how the evidence was insufficient. Instead, his argument is limited to a single bare assertion. Given

2

the lack of specificity in Moore's [111] Motion, the Court will not offer an extensive review of the evidence. But simply put, the evidence of Moore's guilt was sufficient to sustain a verdict.

The jury heard testimony from six Government witnesses. Three of those witnesses were Capitol Police officers involved in a traffic stop on January 2, 2024. These officers testified to the following. They stopped Moore's Ford F-150 because it had an expired tag. When the officers approached the vehicle, they smelled marijuana and observed a gun in plain view. As a result, they ordered the vehicle's occupants—Moore and his two cousins—out of the vehicle. The vehicle search

Moore was sitting. Officers found the other two guns in the center console within Moore's reach. All three handguns had machine gun conversion devices (MCDs). Along with the officers' testimony, the jury observed body cam footage of the traffic stop and search.

Next, the jury heard testimony from Special Agent Hunter Garrett of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Agent Garrett testified that the Capitol Police officers called him to the scene after finding the MCDs, and he seized the three guns with MCDs along with three cellphones found in Moore's vehicle. The jury observed each of these MCD-equipped guns found in Moore's vehicle and heard expert testimony from ATF Agent Cody Toy. Agent Toy testified that the guns found in Moore's vehicle qualified as machineguns because, during test firing, each gun fired more than one shot, without manual reloading, by a single function of the trigger.

3

As for the cell phones Agent Garrett seized, the jury observed text messages between Moore and others about acquiring and possessing "switches"—a slang term for MCDs. The jury also observed a YouTube video found by Agent Garrett and authenticated by a witness who downloaded it. The YouTube Video—entitled "Automatic"—showed Moore rapping lyrics related to "switches" with what appeared to be MCD-equipped Glocks.

The final government witness was a Jackson Police Officer who executed a search warrant on Moore's home related to a separate investigation. This Officer testified that he found a Glock box in the master bedroom closet of Moore's home. The Jury observed that Glock box and the pawn shop receipts found inside. The serial number on the Glock box matched the serial number of the MCD-equipped Glock found in Moore's center console. And the pawn shop receipts inside the Glock Box exhibited Moore's name.

The Court has reviewed the record and the evidence presented at trial. Based on that review, the Court is satisfied that the evidence was more than enough to support the jury's verdict to convict Moore. Therefore, a judgment of acquittal is unwarranted on this basis.

B.  Suppression Motion

Moore next complains that "[t]he Court erred in denying [Moore's] Motion to Suppress the evidence seized at an illegal search." [111] at 1–2. Again, Moore's argument extends no further than that solitary sentence and fails to specify how the Court erred. After a hearing on Moore's [60] [67] Motions to Suppress, the Court

4

found probable cause to support the vehicle search, denied the motion, and explained its reasoning from the bench. *See* September 10, 2025 Order (denying Moore's suppression motions "for the reasons stated on the record from the bench during the suppression hearing"). Moore offers no reason for the Court to reconsider its ruling, and the Court declines to do so. A judgment of acquittal is unwarranted on this basis.

C. Evidentiary Objections

Finally, Moore complains "[t]he Court erred in overruling numerous objections made by the defense." [111] at 2. Once again, that is all Moore offers on that argument. He does not explain what objections he complains about or how the Court erred in ruling on those objections. So Moore has not persuaded the Court that its rulings on trial objections were flawed. A judgment of acquittal is unwarranted on this basis too.

IV. Conclusion

The Court has considered all the arguments. Those not addressed would not have changed the outcome. For the reasons stated above, the Court finds that Defendant Lennell Antonio Moore, Jr. has not shown that he is entitled to a judgment of acquittal.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Moore's [111] Motion for Judgment of Acquittal is DENIED.

SO ORDERED, this the 24th day of October, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE